IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| J. RAUL RODRIGUEZ and JUAN I. RODRIGUEZ, M.D. | § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. B-02-157 |
| MEDICAL OFFICE BUILDINGS OF TEXAS, L.P., LINCOLN HARRIS, L.L.C. and COLUMBIA VALLEY REGIONAL MEDICAL CENTER | § § § § § § | |
| Defendants. | § | |

### DEFENDANT MEDCAP'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND AND ATTORNEY'S FEES AND MOTION FOR LEAVE TO ADD ADDITIONAL PARTIES

Defendant Medical Office Buildings of Texas, L.P. ("Medcap") submits this Response in Opposition to Plaintiffs' Motion to Remand and Attorney's Fees and Motion for Leave to Add Additional Parties and would respectfully represent as follows:

### I.

#### INTRODUCTION

Medcap timely removed this lawsuit to this Court on August 14, 2002. In its Notice of Removal, MedCap showed that removal was proper pursuant to this Court's diversity jurisdiction. MedCap further showed that Plaintiffs' joinder of Defendant Columbia Valley Regional Medical Center (the "Hospital") was a fraudulent joinder.

On or about September 10, 2002, Plaintiffs filed their Motion for Remand and Attorney's Fees and Motion for Leave to Add Additional Parties.

## II.

### ARGUMENT AND AUTHORITIES

**A.     Plaintiffs have no Claims Against the Hospital as a Matter of Law.**

Plaintiffs' Motion for Remand was filed in response to MedCap's Notice of Removal. Therefore, MedCap incorporates by reference its arguments set forth in its Notice of Removal. As argued in more detail there, there is no possibility that Plaintiffs can establish any claim against the Hospital.

   1.     <u>Plaintiffs Have No Business Interruption Claim Against the Hospital</u>.

Plaintiffs assert a business interruption claim, for damages of $73,567.17. Plaintiff cannot establish that claim against the Hospital because the Lease expressly prohibits such a claim.

   2.     <u>Plaintiffs Have No Fraud Claim Against the Hospital</u>.

Plaintiffs assert a fraud claim, for undisclosed damages, arising from oral misrepresentations regarding the terms of the Lease, that the Hospital allegedly made contemporaneous with the execution of the Lease in May 1997. Plaintiffs cannot establish that claim against the Hospital because (i) the statute of limitations has run; (ii) evidence of oral statements made contemporaneous with the execution of the Lease, which contradict the terms of the Lease, are barred by the parol evidence rule; and (iii) Plaintiffs cannot establish an element of fraud – that they relied on the oral statements – because they were made contemporaneous with the execution of the Lease and contradict its terms. *See Fisher Controls International, Inc. v. Gibbons*, 911 S.W.2d 135, 141-42

(Tex.App. – Houston [1st Dist] 1995, writ denied) (buyer denied recovery on fraud claim because law does not allow him to rely upon the oral representations preceding the written contract; he had "no right to rely" on the oral statements).

Moreover, Plaintiffs' payment of rent under the Lease for several years, coupled with its much belated claim of an original promise of lower rent, certainly invokes waiver and estoppel defenses.

3.   <u>Plaintiffs Have No Negligence or Property Damages Claims Against the Hospital</u>.

Plaintiffs assert a breach of contract and neligence claim, for property damages of $14,000, relating to alleged water leaks at their premises. Plaintiffs cannot establish that claim against the Hospital because: (i) the damages occurred, by Plaintiffs' own admission, in January 2002, long after July 2000, when the Hospital assigned the Lease to MedCap; and (ii) the Lease prohibits such a claim, because it arose after the assignment.

For these reasons, Plaintiffs cannot establish a claim against the Hospital, and their joinder of the Hospital in this lawsuit constitutes a fraudulent joinder.

**B.   Plaintiffs' Request to Add Additional Parties Does not Destroy Diversity Jurisdiction**.

In a desperate, last ditch effort to destroy diversity jurisdiction, Plaintiffs seek leave to add two additional defendants, Grubb & Ellis and Lorda Corp., both allegedly former property managers of the building at issue.

These two entities, however, have no relationship to Plaintiffs' claims. It is noteworthy that they were not significant to Plaintiffs until MedCap filed its Notice of Removal. It is clear that Plaintiffs' sole motivation to add them to their lawsuit is to destroy diversity jurisdiction, which is an

improper purpose. *See Whitworth v. TNT Bestway Transportation Inc.*, 914 F.Supp. 1434, 1435 (E.D. Tex. 1996)(when an amendment would destroy jurisdiction, leave should be denied unless there exist strong equities in its favor); *Schrepfer v. Framatome Connectors USA, Inc.*, 115 F.Supp.2d 182, 186 (D.N.H. 1999) (when plaintiff seeks to name a new party by amending the complaint after removal, the court should "scrutinize that amendment more closely than an ordinary amendment").

Furthermore, the former property manager for the building was Grubb & Ellis Management Services, Inc. *See* Affidavit of Angela Playle dated September 26, 2002, attached hereto as <u>Exhibit "A"</u>, at ¶ 3. Grubb & Ellis Management Services, Inc. was incorporated in Delaware and has its principal place of business in Illinois. *See id.* Therefore, Plaintiffs' attempt to destroy diversity jurisdiction by adding Grubb & Ellis fails.

If Lorda served as property manager for the building, it was prior to July 2000, because it was not the property manager when MedCap purchased the building on July 1, 2000. Playle Affidavit, <u>Exhibit "A"</u>, at ¶ 4. As Plaintiffs concede, Lorda's contract would have been with the Hospital. Thus, if Plaintiffs have any claim against Lorda, it must be based in negligence and is subject to the applicable two-year statute of limitations. Because Plaintiffs did not file this lawsuit until July 10, 2002, Plaintiffs' claims against Lorda, which would have had to accrue prior to July 1, 2000, are outside the statute of limitations. Plaintiffs' attempt to add Lorda is a fraudulent joinder and does not destroy diversity jurisdiction.

## PRAYER

For all the foregoing reasons, and for the reasons set forth in Medcap's Notice of Removal, Defendant MedCap respectfully requests that the Court deny Plaintiffs' Motion for Remand and Attorney's Fees and Motion for Leave to Add Additional Parties and grant Medcap any additional and further relief to which it may be justly entitled.

Respectfully submitted,

_____
Michael L. Hood
Attorney-in-Charge
Texas State Bar No. 09943435
Federal Identification No. 14753
Michael King
Texas State Bar No. 24032634

HAYNES AND BOONE, L. L. P.
901 Main Street, Suite 3100
Dallas, Texas 75202-3789
Telephone: (214) 651-5000
Facsimile: (214) 651-5940

ATTORNEYS FOR MEDICAL OFFICE
BUILDINGS OF TEXAS, L.P.

## CERTIFICATE OF SERVICE

  The undersigned certifies that a copy of the foregoing instrument was served on all counsel of record in accordance with the Federal Rules of Civil Procedure by certified mail, return receipt requested on the 27th day of September, 2002.

| | |
|---|---|
| Ricardo M. Adobbati, Esq.<br>Attorney & Counselor At Law<br>134 E. Price Road<br>Brownsville, Texas 78521 | **CERTIFIED MAIL NO. 7106 4575 1292 6386 0660**<br>**RETURN RECEIPT REQUESTED** |
| Thomas Sullivan, Esq.<br>Brin & Brin, P.C.<br>1325 Palm Boulevard, Suite A<br>Brownsville, Texas 78520 | **CERTIFIED MAIL NO. 7106 4575 1292 6386 0677**<br>**RETURN RECEIPT REQUESTED** |
| A. Erin Dwyer<br>Figari, Davenport & Graves<br>901 Main Street, Suite 3400<br>Dallas, Texas 75202 | **CERTIFIED MAIL NO. 7106 4575 1292 6386 0684**<br>**RETURN RECEIPT REQUESTED** |

_____
Michael L. Hood

Exhibit A

Case 1:02-cv-00157   Document 8   Filed in TXSD on 09/30/2002   Page 7 of 11

# AFFIDAVIT OF ANGELA PLAYLE

STATE OF TENNESSEE    §
                      §
COUNTY OF DAVIDSON    §

BEFORE ME, the undersigned authority, personally appeared, Angela Playle, upon her oath, deposed and stated the following:

1. My name is Angela Playle. I am over the age of 18 years, of sound mind and competent in all respects to make this Affidavit. I have personal knowledge of each of the statements and facts set forth herein, and each of those statements is true and correct.

2. I am employed as Vice-President-Legal Affairs of Medical Office Buildings of Texas, L.P. ("Medcap").

3. Medcap purchased the medical office building at issue in the Rodriguez lawsuit (the "Building") in July 2000. At that time, the property manager for the Building was Grubb & Ellis Management Services, Inc.. According to the Texas Secretary of State filings, Grubb & Ellis Management Services, Inc. was incorporated in Delaware, and has its principal place of business in Illinois.

4. Lorda has not acted as the property manager for the Building during or after July 2000, which was when Medcap purchased the Building.

5. The first time Rodriguez raised the allegation to MedCap that based on alleged oral representations made to them in May 1997, they should pay rent in a lesser amount than what is reflected in their lease, was when Rodriguez filed their lawsuit.

6. Attached to my Affidavit as Exhibit "1" is a true and correct copy of the July 2002 rent check from Rodriguez & Rodriguez, P.A., made payable to the order of Valley Regional MOB, and sent to Valley Regional MOB c/o MEDCAP Properties

FURTHER AFFIANT SAITH NOT.

*Angela Playle*
ANGELA PLAYLE

SUBSCRIBED AND SWORN TO BEFORE ME on the 26th day of September, 2002.

*Mary Rebecca Summar*
Notary Public Signature

(PERSONALIZED SEAL)



My Commission Expires MAY 28, 2006

**AFFIDAVIT OF ANGELA PLAYLE**　　　　　　　　　　　　　　　　　　　　　　　　　Page 2
D-1046016.3

