IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 2 5 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| J. RAUL RODRIGUEZ and JUAN I. RODRIGUEZ, M.D. | § § § | |
| Plaintiffs, | § § | B-02-157 |
| VS. | § § | CIVIL ACTION NO. 1-02-057 |
| MEDICAL OFFICE BUILDINGS OF TEXAS, L.P. LINCOLN HARRIS, L.L.C. and COLUMBIA VALLEY REGIONAL MEDICAL CENTER | § § § § § | |
| Defendants | § | |

**PLAINTIFF'S REPLY TO DEFENDANT MED-CAP'S RESPONSE IN OPPOSIITON TO PLAINTIFFS' MOTION FOR REMAND AND ATTORNEY'S FEES**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, J. RAUL RODRIGUEZ, M.D. and JUAN I. RODRIGUEZ, M.D. Plaintiffs and file this their REPLY TO DEFENDANT MED-CAP'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND AND ATTORNEY'S FEES.

**I.**

**INTRODUCTION**

Plaintiff would incorporate by reference all those arguments and case law set forth in its Motion For Remand and Attorney's Fees and Motion for Leave to Add Additional Parties. Plaintiff would further adopt the history provided in said motion with regard to the timeliness of the removal of this suit as well as the discussions regarding the Court's jurisdiction based on 28 U.S.C. §1332.

On or about September 30, 2002, plaintiff received Defendant Med-Cap's Response in Opposition to Plaintiff's Motion for Remand. In said motion defendants reiterate the claims made in the Petition for Removal. Namely, their allegations of fraudulent joinder and failure to

state claims as against Defendant Columbia Valley Regional. Although said response offers no additional argument and fails to refute any evidence provided by movant, Plaintiffs will address these matters in turn.

## II.

### LEGAL DISCUSSION

Plaintiffs' have made valid claims against the hospital as a matter of law. Defendants' claim that Plaintiffs' Motion for Remand provides no claims against the hospital. As was clearly indicated by the evidence provided in Plaintiffs' Motion for Remand by virtue of unrefuted affidavit and case law, plaintiffs have a valid claim against the hospital for misrepresentations made prior to, during, and subsequent to the written contract upon which defendants wish to rely.

1. **THE MISREPRESENTATIONS BY THE HOSPITAL ARE THE CRUX OF THIS SUIT.**

Evidence of the actions against the hospital will clearly show the misrepresentations were the major cause of the damages suffered by the plaintiffs. The written contract should be considered void based the fraudulent actions of defendant and as such plaintiffs will be entitled to damages for both business interruption and the fraudulent misrepresentations made by the hospital at the time of negotiating the agreement. Defendants continue to make arguments without any evidence and have provided absolutely no affidavits from the hospital or any other individuals to contradict the affidavits of plaintiffs.

2. **PLAINTIFFS MOTION TO ADD ADDITIONAL PARTIES IS WELL FOUNDED.**

Defendants further argue Plaintiffs' request for additional parties is simply an effort to destroy diversity jurisdiction. Discovery has barely been initiated, plaintiffs did not wish to involve parties that have possibly no relation to the allegations made in this suit. However, after

further investigation and considering the "convenient" transfers of ownership by the Hospital to MedCap and remaining defendants, out of an abundance of caution plaintiffs are seeking to add additional parties to assure that all parties related to the transactions are made a part of this suit.

Defendants' ramblings about whether or not these parties were added until the Notice of Removal is unsubstantiated and simply a incorrect assumption on their part. Lorda was the property management company at the time of the transfer of the property. What knowledge they may have with regard to the reasons and discussions regarding the transfer are yet to be disclosed. It is incorrect for Defendants to assume Lorda has no connections with said representations. The actions by these companies may not only involve the failure to remedy the problem which led to damages by the plaintiffs in their leasehold, but further, such defendants may further be involved in the transactions regarding the transfer of the property with the intent to defraud the Plaintiffs and coerce them into honoring the written agreement.

Defendants further seek to mislead the court by alleging that any causes of actions against Lorda would be limited to a two (2) year statute of limitations. Fraud has been plead and is an essential allegation against defendants as it would be against Lorda - an allegation that will be proven by evidence produced through future discovery. As such fraud carries a four (4) years statute of limitations therefore plaintiffs are timely seeking to add Lorda to this suit. In addition, the remaining causes of action constitute a continuing breach as all defendants have failed to remedy the problems with the building from the outset of the lease as explained in more detail on the Motion for Remand. Simply stated, defendants arguments are misleading and fail.

### 3. MEDCAP AND THE REMAINING DEFENDANTS DEFEAT DIVERSITY JURISDICTION

More importantly, diversity jurisdiction is destroyed by virtue of MedCap and the remaining defendants as they have failed to properly identify the true nature of their citizenship.

Defendant MedCap relies on arguments that they are a limited partnership (L.P.) organized under the laws of Delaware. They further indicate Medical Office Buildings of Texas, the general partner of MedCap is a limited liability company (L.L.C.) organized under the laws of Delaware. MedCap has failed to properly disclose the court the citizenship of any of the unit holders from Medical Office Buildings of Texas L.L.C. or the partners of (General or Limited) of MedCap. If any of these individuals are Texas citizens diversity jurisdiction is destroyed.

It is clear that under current law that Federal Courts look to the citizenship of all partners or investors to determine whether there is complete diversity. In *Carden vs. Arkoma Associates*, the Supreme Court clearly held that limited partnerships (such as MedCap) are not in there own right a citizen of the state that created it within the meaning of the Federal diversity statute. Id. at 494 U.S. 185 (1980).

> The Court has firmly resisted extending the well-established rule treating corporations as "citizens" to other artificial entities…A Federal Court must look to the citizenship of a partnership's limited, as well as its general, partners to determine whether there is complete diversity. That only the general partners have exclusive and complete control over the partnership's operations and the litigation is irrelevant. <u>This Court's decisions have never held that an artificial entity can invoke diversity jurisdiction based on the citizenship of some but not all of its members.</u>

*Carden*, at 185 (1989) (emphasis added)

The Fifth Circuit has also addressed the issue of diversity jurisdiction with artificial entities. In *Whalen vs. Carter*, 954 F.2d. 1087 (5th Cir. 1992), the Court held that <u>for diversity purposes a limited partnership is citizen of each state in which its partners, both general and</u>

limited, hold citizenship. Id. at 1095. (emphasis added); *See also, **International Paper Company vs. Denkmann Associates**,* 116 F.3$^d$ 134 (5th Cir. 1997).

As such in order for MedCap to properly preach diversity jurisdiction, they must prove to the court that all general partners and limited partners have no citizenship with Texas. If any of their investors are citizens of Texas, diversity jurisdiction does not exist and MedCap itself is not in a position to argue diversity is satisfied.

Likewise, defendant Lincoln Harris further fails to establish diversity jurisdiction. As stated above, Lincoln Harris is a limited liability company. Although the Fifth Circuit has not addressed issues as to limited liability companies directly, ***Carden*** as discussed above, clearly indicated their holding was applicable to all artificial entities.

Additionally, The Seventh Circuit has addressed the LLC scenario directly and found in ***Cosgrove vs. Bartolotta*** that LLCs are subject to the citizenship of all its members regardless of the number of units each member may own. In discussing ***Carden***, the court indicated that a limited liability company is an animal just like a limited partnership and as such, for purposes of citizenship, should be treated in the same manner. "Given the resemblance between an LLC and a Limited Partnership, and what seems to have crystallized as a principal that members of associations are citizens for diversity purposes unless Congress provides otherwise... we conclude that the citizenship of an LLC for purposes of the diversity jurisdiction is a citizenship of its members." 150 F.3d 729, 731 (7th Cir. 1998).

Based on the above, not only do defendants claims for fraudulent joinder fail for failure to provide proper evidence to indicate plaintiffs cannot provide a claim, defendants claims further fail as they themselves cannot establish diversity jurisdiction based on the case law outlined above.

## III

### CONCLUSION

Based on the above, Plaintiffs have established sufficient evidence through the use of affidavits and case law to support they have valid claims against Columbia Valley Regional Medical Center, thereby destroying diversity jurisdiction. In the alternative, defendants have failed to provide sufficient evidence to establish they meet the diversity jurisdiction requirements by showing all the partners/unit holders of the particular entities made the basis of this suit do not owe citizenship to Texas.

Signed this the 25th day of October, 2002.

Respectfully Submitted,

_____
HON. RICARDO M. ADOBBATI
STATE BAR NO.: 00790208
COUNTY I.D. #442401
FED I.D. #18158

ATTORNEY FOR PLAINTIFFS

134 E. PRICE ROAD
BROWNSVILLE, TX 78521
(956) 544-6882
(956) 544-6883 - FAX

## CERTIFICATE OF SERVICE

I do certify that a true and correct copy of the above foregoing document has been forwarded via certified mail, return receipt requested, via facsimile, and/or hand delivered on this 25th day of October, 2002, as follows:

Hon. Michael L. Hood
Haynes and Boone, LLP
901 Main Street
Suite 3100
Dallas, Texas 78202-3789

Hon. Thomas Sullivan
Brin & Brin, P.C.
1325 Palm Blvd. Suite A
Brownsville, Texas 78520

Hon. A. Erin Dwyer
Figari, Davenport & Graves
901 Main Street, Suite 3400
Dallas, Texas 75202

_____
HON. RICARDO M. ADOBBATI