IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| J. RAUL RODRIGUEZ, JUAN I. RODRIGUEZ, M.D. And RODRIGUEZ & RODRIGUEZ, M.D., P.A  *Plaintiffs* VS.  MEDICAL OFFICE BUILDINGS OF TEXAS, L.P. LINCOLN HARRIS, L.L.C., COLUMBIA VALLEY REGIONAL MEDICAL CENTER, MEDCAP PROPERTIES, L.L.C., LPC COMMERCIAL SERVICE ENTERPRISES, INC., LINCOLN HARRIS CSG, LINCOLN PROPERTY COMPANY COMMERCIAL SERVICE ENTERPRISES, INC., LINCOLN PROPERTY COMPANY *formerly known as* LINCOLN PROPERTY COMPANY NO. 1, INC., TEXAS PGI, INC. *formerly known as* LINCOLN PROPERTY COMPANY C & S, INC., LINCOLN PROPERTY COMPANY COMMERCIAL, INC., *formerly known as* LINCOLN PROPERTY COMPANY CSE, INC. LINCOLN PROPERTY COMPANY MANAGEMENT, INC., LINCOLN PROPERTY COMPANY E.C.W., INC. *and* LINCOLN PROPERTY COMPANY, INC.  *Defendants* | §§§§§§§§§§§§§§§§§§§§§§§§§ | United States District Court Southern District of Texas FILED  DEC 2 0 2002  Michael N. Milby Clerk of Court  CIVIL ACTION NO. 1:02-057  B-02-157  (CURRENTLY ON MOTION FOR REMAND) |

---

CAUSE NO. 2002-07-2703-E

| | | |
|---|---|---|
| J. RAUL RODRIGUEZ, JUAN I. RODRIGUEZ, M.D. and RODRIGUEZ & RODRIGUEZ, M.D., P.A  *Plaintiffs,* VS.  MEDICAL OFFICE BUILDINGS OF TEXAS, L.P. LINCOLN HARRIS, L.L.C., COLUMBIA VALLEY REGIONAL MEDICAL CENTER, MEDCAP PROPERTIES, L.L.C., LPC COMMERCIAL SERVICE ENTERPRISES, INC., LINCOLN HARRIS CSG, LINCOLN PROPERTY COMPANY COMMERCIAL SERVICE ENTERPRISES, INC., LINCOLN PROPERTY COMPANY *formerly known as* LINCOLN PROPERTY COMPANY NO. 1, INC., TEXAS PGI, INC. *formerly known as* LINCOLN PROPERTY COMPANY C & S, INC., LINCOLN PROPERTY COMPANY COMMERCIAL, INC., *formerly known as* LINCOLN PROPERTY COMPANY CSE, INC. LINCOLN PROPERTY COMPANY MANAGEMENT, INC., LINCOLN PROPERTY COMPANY E.C.W., INC. *and* LINCOLN PROPERTY COMPANY, INC.  *Defendants* | §§§§§§§§§§§§§§§§§§§§§§§§§ | IN THE DISTRICT COURT OF  CAMEORN COUNTY, TEXAS  357th JUDICIAL DISTRICT |

01-297-01.PLAINTIFFS AMENDED ORIGINAL PETITION                                                                                                   1

## PLAINTIFFS' AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, J. RAUL RODRIGUEZ, M.D. and JUAN I. RODRIGUEZ, M.D., and RODRIGUEZ & RODRIGUEZ, M.D., P.A., Plaintiffs in the above entitled and numbered cause, and files this their Plaintiffs' Amended Original Complaint complaining of MEDICAL OFFICE BUILDINGS OF TEXAS, L.P., LINCOLN HARRIS, L.L.C. and COLUMBIA VALLEY REGIONAL MEDICAL CENTER, MEDCAP PROPERTIES, LLC., LPC COMMERCIAL SERVICES, ENTERPRISES, INC., LINCOLN HARRIS CSG, LINCOLN PROPERTY COMPANY COMMERCIAL SERVICES ENTERPRISES, INC., LINCOLN PROPERTY COMPANY *formerly known as* LINCOLN PROPERTY COMPANY NO. 1, INC., TEXAS PGI, INC. *formerly known as* LINCOLN PROPERTY COMPANY C & S, INC., LINCOLN PROPERTY COMMERCIAL, INC., *formerly known as* LINCOLN PROPERTY COMPANY CSE, INC., LINCOLN PROPERTY COMPANY MANAGEMENT, INC., LINCOLN PROPERTY COMPANY E.C.W. INC., *and* LINCOLN PROPERTY COMPANY, INC. hereinafter referred to as Defendants, and for cause of action would respectfully show unto the court as follows:

I.

### DISCOVERY CONTROL PLAN

This cause of action and discovery is to be conducted under Level II.

II.

### PARTIES

1.   Plaintiff, J. RAUL RODRIGUEZ, M.D. is an individual residing in Brownsville, Cameron County, Texas.

2.   Plaintiff, JUAN I. RODRIGUEZ, M.D. is an individual residing in Brownsville, Cameron County, Texas.

3.   Plaintiff, RODRIGUEZ & RODRIGUEZ, M.D., P.A.. is an corporation doing business in Brownsville, Cameron County, Texas.

4.     Defendant MEDICAL OFFICE BUILDINGS OF TEXAS, L.P. is a limited partnership doing business in the State of Texas has been served and has entered its general appearance in this cause.

5.     Defendant LINCOLN HARRIS L.L.C. is a Limited Liability Company doing business in the State of Texas and has been served and has entered its general appearance in this cause.

6.     Defendant COLUMBIA VALLEY REGIONAL MEDICAL CENTER is a corporation doing business in the State of Texas has been served and has entered its general appearance in this cause.

7.     Defendant MEDCAP PROPERTIES, LLC., can be served with process by serving its attorney of record: Hon. A. Erin Dwyer, Figari, Davenport & Graves, 3400 Bank of America Plaza, 901 Main Street, LB 125, Dallas, Texas 75202-3796.

8.     Defendant LPC COMMERCIAL SERVICES, ENTERPRISES, INC., can be served with process by serving its attorney of record: Hon. Michael L. Hood, Haynes and Boone, L.L.P., 901 Main Street, Suite 3100, Dallas, Texas 75202-3739.

9.     Defendant LINCOLN HARRIS CSG, can be served with process by serving its attorney of record: Hon. Michael L. Hood, Haynes and Boone, L.L.P., 901 Main Street, Suite 3100, Dallas, Texas 75202-3739.

10.    Defendant LINCOLN PROPERTY COMPANY COMMERCIAL SERVICE ENTERPRISES, INC., is a corporation doing business in the State of Texas and may be served by serving their agent for service: C. T. CORPORATION SYSTEMS, 350 N. ST. PAUL STREET, DALLAS, TEXAS 75201.

11.    Defendant LINCOLN PROPERTY COMPANY formerly known as LINCOLN PROPERTY COMPANY NO. 1, INC., is a corporation doing business in the State of Texas and may be served by serving their agent for service: C. T. CORPORATION SYSTEMS, 350 N. ST. PAUL STREET, DALLAS, TEXAS 75201.

12. Defendant TEXAS PGI, INC. formerly known as LINCOLN PROPERTY COMPANY C & S, INC., is a corporation doing business in the State of Texas and may be served by serving their agent for service: C. T. CORPORATION SYSTEMS, 350 N. ST. PAUL STREET, DALLAS, TEXAS 75201.

13. Defendant LINCOLN PROPERTY COMPANY COMMERCIAL, INC. formerly known as LINCOLN PROPERTY COMPANY CSE, INC., is a corporation doing business in the State of Texas and may be served by serving their agent for service: C. T. CORPORATION SYSTEMS, 350 N. ST. PAUL STREET, DALLAS, TEXAS 75201.

14. Defendant LINCOLN PROPERTY COMPANY MANAGEMENT, INC., is a corporation doing business in the State of Texas and may be served by serving their agent for service: C. T. CORPORATION SYSTEMS, 350 N. ST. PAUL STREET, DALLAS, TEXAS 75201.

15. Defendant LINCOLN PROPERTY COMPANY E.C.W. INC., is a corporation doing business in the State of Texas and may be served by serving their agent for service: C. T. CORPORATION SYSTEMS, 350 N. ST. PAUL STREET, DALLAS, TEXAS 75201.

16. Defendant LINCOLN PROPERTY COMPANY, INC can be served with process by serving its attorney of record: Hon. Michael L. Hood, Haynes and Boone, L.L.P., 901 Main Street, Suite 3100, Dallas, Texas 75202-3739.

III.

## VENUE

Venue is proper in Cameron County pursuant to Texas Civil Practice and Remedies Code §15.001 et. seq. in that all or part of plaintiffs' cause of action herein occurred in Cameron County, Texas. More specifically, defendants conduct business in Cameron County, Texas. Further, all representations made with regard to the agreement between the parties took place in Brownsville, Cameron County, Texas. Further, plaintiffs and defendants reside and/or maintain businesses in Cameron County, Texas. Defendants solicited business from Plaintiffs in Cameron County, Texas and the agreement was entered into in Brownsville, Cameron County, Texas.

## IV.

## FACTUAL ALLEGATIONS

On or about May of 1997, Columbia Valley Regional Medical Center approached plaintiffs in an effort to gain tenancy in a proposed medical office building to be constructed next to the current location for Valley Regional Medical Center in Brownsville, Texas. Specifically, defendant solicited the accelerated signing of a lease by plaintiffs in order for defendant to obtain a loan to finance the construction of the office building where plaintiffs would then reside. Defendant represented the rental rate and future increases described in the written lease agreement were only for purposes of obtaining the loans. The true rate to be paid by plaintiffs would not increase over time. A subsequent agreement would be signed reflecting the true intent of the parties once defendant obtained the necessary financing. Relying on the oral representations of defendants as to the need and urgency for the signed leased from future tenants, plaintiffs entered into said agreement whereby they would lease premises beginning on or about August, 1998 until the 31st of July, 2003. Some time after the lease signing, unbeknownst to Plaintiffs, management and alleged control of the building and its leaseholds was transferred to Medical Office Buildings of Texas along with certain Property Management companies. Said companies failed to recognize the representations made by defendant Columbia Valley Regional Medical Center and insisted the terms of the written agreement be followed.

Throughout the lease term, landlord and/or the property management company was notified of water entering the leased premises either through windows or defective plumbing. On several occasions landlord and/or the property management company was notified of leaking sewage from plumbing lines located within the building. The leakage caused damage to the offices of the tenant. These areas were never properly repaired leading to subsequent occasions when similar damage took place. On several occasions, the leakage was determined to be feces, urine and other such matter as the plumbing problem was leaked from the sewage system connected to offices located above Plaintiff's leased premises. The same problem persisted and required that the matter be addressed on several

occasions. On each of those occasions Plaintiffs suffered property damage and were required to cease seeing patients due to the state of the office and health concerns for the patients.

Due to the failure of the landlord to properly repair the problems, tenants had damage to the property within the offices, as well as delays and losses due to the added expense in having to close the offices and pay employees to clean and maintain the office in a manner which would be safe to both patients and employees. Such damages were a minimum of $87,567.17 comprising of medical supplies, equipment and overhead expenses.

The actions by defendants in repairing, cleaning and disinfecting the premises has been minimal from the outset. Defendants have been negligent and grossly negligent in failing to take the appropriate measures to repair the windows and plumbing at the time of first notification. Defendants intentionally took measures to mask the problems rather to provide a proper remedy pursuant to the agreement and common law. Additionally, such actions by the Defendants in failing to properly repair the areas from the outset as well as simply taking minimal measures to assure the repairs were completed and that all health risks were eliminated has led to a continuous concern by the tenants as to the ramifications of such actions with regard to the employees, tenants and patients.

At all times material hereto, Defendants acted in concert and/or took as actions as agents or representatives of each other. At all times, defendants were aware of the actions and representations made by the other defendants and ratified such activities and as such are responsible for said actions.

## V.

### CAUSES OF ACTIONS

Defendants' actions as related above constitute actions upon which the plaintiffs may recover damages. Damages may be recovered under the following doctrines:

1. Breach of Contract;
2. Fraud;
3. Negligence;
4. Joint Enterprise;
5. Apparent Agency;

6. Respondeat Superior;
7. Borrowed Servant;
8. Ratification;
9. Each and every defendant can and will be held liable jointly and severally for all causes of action brought herein as their actions were in concert or with the approval of the other defendants.

## VI.

### GROSS NEGLIGENCE

Defendants' actions in the mishandling of their duties and responsibilities pursuant to the agreement between those parties herein have amounted to the level of gross negligence as they have carelessly and wantonly disregarded the rights of the tenant in properly maintaining the premises as well as respecting the representations at the time of entering into said agreement. Such actions have led to the breach by defendants of the lease made the basis of this suit.

## VII.

### DAMAGES

Defendants' failed performance, non-performance and gross negligence constitute breach of the agreement made the basis of this suit. As a result of defendants' breach, plaintiffs have incurred the following damages:

1. Expenses and damages incurred as a result of the replacement and/or repurchase of products and supplies damaged as a result of the actions by defendants as described above;
2. Damages as a result of loss overhead expenses as well as any other expenses related to the business and as a result of delays and closings of the office due to the inappropriate repairs and negligence/grossly negligent actions of defendants as described above;
3. Prejudgment interest on the sums due;
4. Post Judgment interest on those sums due;
5. Costs of suit;
6. Court Costs

## VIII.

## ATTORNEYS' FEES

Additionally and as a result of defendants' breach, plaintiffs found it necessary to retain counsel by seeking recovery of reasonable attorney's fees as allowed by Texas Civil Practice and Remedies Code §38.001.

## IX.

## REQUEST FOR TEMPORARY AND PERMANENT INJUNCTION

Plaintiffs have and continue to pay rent toward the leased premises. Plaintiffs respectfully request the court grant a permanent injunction whereby Plaintiffs be allowed to deposit said sums payable on a monthly basis with the registry of the court or other neutral party until this dispute is resolved as plaintiffs' damages exceed the amount of rent remaining on the lease. The court should grant this injunction as there is a substantial likelihood Plaintiffs will prevail on the merits, the actions in payment pose a substantial threat of irreparable injury to the plaintiffs; the threatened injury outweighs the harm to defendants and the granting of the injunction will not disserve the public interest.

## X.

## JURY DEMAND

Plaintiffs hereby request a trial by jury.

## XI.

## P R A Y E R

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

RESPECTFULLY SUBMITTED,

BY: _____
RICARDO M. ADOBBATI
SBN: 00790208
FEDERAL ADM NO. 18158
COUNTY I.D. #11922

ATTORNEYS FOR PLAINTIFFS

134 E. Price Road
Brownsville, Texas 78521
(956) 544-6882
(956) 544-6883 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been furnished to all counsel of record on this the __20__ day of December, 2002 as follows:

| | |
|---|---|
| Mr. Michael L. Hood<br>Haynes and Boone, L.L.P.<br>901 Main Street<br>Suite 3100<br>Dallas, Texas 75202-3789 | <u>Via Facsimile to: (214) 651-5940</u> |
| Mr. A. Erin Dwyer<br>Figari, Davenport & Graves<br>3400 Bank of America Plaza<br>901 Main Street, LB 125<br>Dallas, TX 75202-3796 | <u>Via Facsimile to (214) 939-2090</u> |

_____
RICARDO M. ADOBBATI